**SELTZER v. COREM.**

No. 22.

District Court, N. D. Indiana, Hammond Division.

March 16, 1939.

Richard S. Kaplan, of Gary, Ind., for plaintiff.

George Michaely, of Gary, Ind., for defendant.

SLICK, District Judge.

This cause being presented to this court, and the Court having read the complaint and affidavits filed therewith together with the exhibits attached thereto, and the Court having read the stipulation wherein the facts alleged in the said complaint are admitted as being substantially true, and having read the briefs submitted by the parties hereto and heard the arguments of counsel for the parties hereto, and the Court having been fully advised in the premises, makes and files the following Findings of Fact and Conclusions of Law:

Findings of Fact

1. That plaintiff, Leo A. Seltzer, is the author of a book entitled "Transcontinental Tour or a Roller Race Across the United States", and that there was issued to the plaintiff, Leo A. Seltzer, under the seal of the Copyright Office and signed by the Register of Copyrights, a Certificate of Registration dated and identified as follows: "September 27, 1935, Class AA, No. 184,-652."

2. That plaintiff, Leo A. Seltzer, is the author of a book entitled "Roller Derby or Coast to Coast Roller Skating Race Across the United States", and there was issued to the plaintiff, Leo A. Seltzer, under the seal of the Copyright Office and signed by the Register of Copyrights, a Certificate of Registration dated October 18, 1937, and identified as follows: "October 18, 1937, Class AA, No. 246,476."

3. That plaintiff, Leo A. Seltzer, as the originator and creator thereof, is the owner of the trademark, "Roller Derby", and that there was issued to the plaintiff, Leo A. Seltzer, a certificate of registration of such trademark under the seal of the U. S. Patent Office signed by the Commissioner of Patents, dated and identified as follows: July 14, 1936, No. 33,652.

4. That for several years, beginning with the year 1935, plaintiff has engaged in the promotion, production, and performance of the Roller Derby, subject matter of such

copyrighted books, and has established a national reputation as the producer of the Roller Derby and has established a national reputation for the Roller Derby, and that the good will so established has become a valuable asset.

5. That the presentation and production of the Roller Derby has as its basis the sport of roller skating welded into a novel theme which is original with the plaintiff, Leo A. Seltzer, and that said presentation and production of the Roller Derby was first produced and presented and is now being produced and presented solely by the plaintiff, Leo A. Seltzer, in various major cities in the United States.

6. That the plaintiff and his associates have spent more than $100,000 in publicizing and promoting the said Roller Derby throughout the United States and that all the leading newspapers and magazines of the United States have assisted in the publicizing and popularizing of the said Roller Derby which has created a national desire of the public to witness the Roller Derby as presented by the plaintiff, Leo A. Seltzer.

7. That the defendant, Henry Corem, did during the month of December 1938 publish in a newspaper of general circulation published and distributed in the City of Gary, State of Indiana, an advertisement advertising the intended opening of a Roller Derby similar to the Roller Derby as presented and produced by the plaintiff and did further distribute introductory admission tickets similar in size, type, and style to the tickets used and distributed by the plaintiff, and that the said defendant did further advertise the intended opening of such Roller Skating Derby on January 15, 1939 in said Gary, Indiana, which said intended opening of the Roller Skating Derby was to be similar to and based upon the subject matter of the plaintiff's copyrighted books and Roller Derby as produced and presented by the plaintiff, and that the name and title given to the defendant's intended presentation was similar to and simulated the trademarked and registered name created and owned by the plaintiff, Leo A. Seltzer.

8. That the books of the plaintiff described in findings 1 and 2 hereof are new and original books, and that the matter contained in said books of plaintiff was original with the plaintiff, Leo A. Seltzer.

9. That the said books of the plaintiff described in findings 1 and 2 hereof, and each of them have a plot, story, and narrative and a distinctive treatment of a plot or theme in synopsis form carrying out the usual form of a dramatic production including the system for conducting the Roller Derby.

10. That the defendant by his stipulation, admits that he had access to the said copyrighted books of the plaintiff; that he has read the said books; has familiarized himself with the subject matter and contents of said books; that he has observed the actual production of the Roller Derby as presented by the plaintiff and intended to follow out the general theme or plot of the said Roller Derby.

11. That if the defendant were to be permitted to present and produce a Roller Derby similar to the one which has been and is being produced and presented by the plaintiff, that the said defendant would derive unlawful gains or profits from the infringement of plaintiff's said books and would cause the public to believe that it was witnessing plaintiff's production and said defendant would derive unlawful gains or profits from such deception.

12. That the defendant is attempting to trade upon and secure the benefit of and diverting to himself the good will of the plaintiff's business in the conducting, maintaining, and presentation of Roller Skating Derbies.

13. That the defendant in attempting to present such a Roller Skating Derby is infringing upon the registered trademark and name of the plaintiff's production and is attempting to infringe upon the copyrighted books and production of the plaintiff.

Conclusions of Law

1. That plaintiff's copyrights cover a dramatic composition containing a Roller Skating base with a novel and original theme.

2. That plaintiff's copyrighted books describe a spectacle that may be and is being dramatized.

3. That plaintiff is the owner of a valid trademark and two valid copyrights on books containing subject matter that may be copyrighted.

4. That the defendant has infringed on the trademark of the plaintiff.

5. That defendant has attempted an intended infringement of the plaintiff's books and production.

6. That by presenting the Roller Skating Derby as advertised by the defendant,

the said defendant would be engaged in unfair competition with the plaintiff in the production by defendant of the said Roller Skating Derby, and in the composition, printing, publication, and its distribution of defendant's tickets or program.

7. That judgment herein be rendered for the plaintiff on each and both of the causes of action set forth in the Bill of Complaint herein; that all costs in the matter be taxed to the defendant.

8. That the restraining order heretofore entered in this cause be made permanent.

9. That plaintiff's bond heretofore deposited in accordance with the order of this court be exonerated.